**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**


CRISSY BRUCE                                                              PLAINTIFF


V.                                    NO. 3:10CV00208 JTR


MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                  DEFENDANT

**<u>ORDER</u>**

Pending before the Court is Plaintiff's Motion requesting an award of attorney's

fees and expenses under the Equal Access to Justice Act ("EAJA").[1]  (Docket entry

_____

[1]On November 4, 2011, the Court entered a Memorandum Order and Judgment
reversing the Commissioner's decision and remanding this case for further
administrative proceedings.  (Docket entries #19 and #20).

On December 22, 2011, Plaintiff filed two Motions requesting attorney's fees
(docket entries #21 and #22), and a "Memorandum in Support" (docket entry #23).
Inexplicably, Plaintiff's counsel electronically docketed his Memorandum in Support
as a Motion. Thus, the docket reflects three pending motions requesting attorney's
fees.

The first Motion (docket entry #21) requests reimbursement for 33.7 hours of
attorney work, while the second Motion (docket entry #22) requests reimbursement
for 25.9 hours of attorney work and 7.8 hours of paralegal work (totaling 33.7 hours).
Neither Motion contains any supporting documentation.  Plaintiff's counsel
compounded this confusion by attaching two different itemizations of time to his
Memorandum in Support.  The first itemization (docket entry #23-1) supports the
request for 33.7 hours of attorney work, while the second itemization (docket entry
#23-4) supports the request for 25.9 hours of attorney work and 7.8 hours of paralegal
work.

It appears to the Court that the relevant Motion is the second one requesting

#22).

Plaintiff's attorney, Mr. R. Theodor Stricker, requests a total payment of $3,892.95 consisting of: (1) 25.9 hours of attorney work at the hourly rate of $125.00 ($3,237,50); (2) 7.8 hours of paralegal work at the adjusted hourly rate of $75.00 ($585.00); and (3) $70.45 in expenses.

The Commissioner does not object to Plaintiff's requested hourly rates, but points out that much of his itemized time pertains to the administrative proceedings below.   Under the EAJA, a social security claimant who obtains a "sentence four" remand at the judicial review stage is entitled to recover fees for work performed in District Court, but cannot recover fees for work that was performed at the administrative level.  *See Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984). Thus, the Court will allow only time spent at the judicial review stage.  Based on Plaintiff's counsel's itemization, this comes to 14.6 hours of attorney time, and 1.1 hours of paralegal time.

The same holds true for the majority of Plaintiff's itemized expenses, most of which were incurred at the administrative level.  Plaintiff's counsel has submitted only two expenses at the judicial review stage: (1) $4.81 for "Preparation of Complaint,

---

compensation for 25.9 hours of attorney work and 7.8 hours of paralegal work.  The other pleadings will be denied, as moot.

summonses etc;" and (2) $2.71 for "Reviewed return documents from Clerk's Office." (Docket entry #23-4 at 2). The Commissioner objects to those expenses as "vague and unsubstantiated." The Court will allow reimbursement for the $4.81, which appears related to postage, and disallow the $2.71 (the Court cannot see how Plaintiff's counsel incurred any expense in "reviewing" documents from the Clerk's office).

IT IS THEREFORE ORDERED THAT:

1.      Plaintiff's Motion for Attorney's Fees Pursuant to the EAJA (docket entry #22) is GRANTED, IN PART, and DENIED, IN PART.

2.      Plaintiff is awarded $1,912.31 in attorney's fees and expenses under the EAJA.

3.      Plaintiff's Motions for Attorney's Fees (docket entries #21 and #23) are DENIED, AS MOOT.

DATED this 11th day of April, 2012.

_____
UNITED STATES MAGISTRATE JUDGE